IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

WILEY BAILEY,

      Plaintiff,

v.                                                         No. 07-2673-B

ST. FRANCIS TENET HEALTHCARE,

      Defendant.

_____

ORDER DISMISSING THE PLAINTIFF'S COMPLAINT WITH PREJUDICE
_____

      This pro se lawsuit was brought on October 22, 2007, by the Plaintiff, Wiley Bailey, who alleges that the Defendant, St. Francis Tenet Healthcare, violated Title VII of the Civil Rights Act of 1964 in terminating his employment. On December 11, 2007, the Defendant moved the Court to dismiss the Complaint and refer all claims to arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 3-4. Because the Plaintiff failed to respond to the motion to dismiss within the time allotted by the Local Rules, the Court entered an Order directing the Plaintiff to show cause within eleven days why the Defendant's motion should not be granted. (Docket Entry ("D.E.") No. 7.) According to the Court's docket, Bailey has failed to respond within the time specified by the Court.

      Rule 41(b) provides for dismissal of actions "[f]or failure of the plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court . . . ." Fed. R. Civ. P. 41(b). A Rule 41(b) dismissal "operates as an adjudication upon the merits." Id. The authority to dismiss a case under Rule 41(b) "is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999), reh'g and suggestion for reh'g en banc

denied (June 30, 1999) (citations and internal quotations omitted). The Supreme Court has recognized that

> [n]either the permissive language of the Rule -- which merely authorizes a motion by the defendant -- nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of the court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). District courts are permitted substantial discretion in determining whether dismissal is appropriate. Knoll, 176 F.3d at 363; Harmon v. CSX Transp., Inc., 110 F.3d 364, 366 (6th Cir. 1997), cert. denied, 522 U.S. 868 (1997).

The Sixth Circuit has articulated four factors to be addressed by the court in assessing whether dismissal for failure to prosecute is warranted: (1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 589 (6th Cir. 2001). Prior notice to the party that her failure to cooperate may result in dismissal is important to support the sanction. Vinci v. Consolidated Rail Corp., 927 F.2d 287, 288 (6th Cir. 1991) (per curiam).

In this case, as outlined above, the Plaintiff has failed to respond to both the Defendant's motion and the Court's show cause order. Clearly, the necessity of monitoring a case that the Plaintiff has dilatorily permitted to languish works some hardship on the Defendant. In addition, the Plaintiff was cautioned by the Court's order of April 16, 2008, concerning the ramifications of

a failure to comply with the show cause order. Finally, under the circumstances, the Court finds that no sanction short of dismissal will cure the Plaintiff's failure to prosecute this matter. Based on the foregoing, the Plaintiff's lawsuit is hereby DISMISSED with prejudice.

IT IS SO ORDERED this 29th day of April, 2008.

                                                s/ J. DANIEL BREEN
                                                UNITED STATES DISTRICT JUDGE